IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC., BOEHRINGER INGELHEIM INTERNATIONAL GMBH and BOEHRINGER INGELHEIM CORPORATION,<br><br>    Plaintiffs,<br><br>    v.<br><br>MANKIND PHARMA LTD., LIFESTAR PHARMA LLC, LUPIN LTD., LUPIN PHARMACEUTICALS, INC., ALKEM LABORATORIES LTD., AUROBINDO PHARMA LTD., AUROBINDO PHARMA USA, INC., LAURUS LABS LTD., LAURUS GENERICS INC., ALEMBIC PHARMACEUTICALS LTD., ALEMBIC PHARMACEUTICALS, INC., ZYDUS PHARMACEUTICALS (USA) INC., CADILA HEALTHCARE LIMITED, MACLEODS PHARMACEUTICALS LTD., MACLEODS PHARMA USA, INC., SUN PHARMACEUTICAL INDUSTRIES LIMITED, SUN PHARMACEUTICAL INDUSTRIES, INC., DR. REDDY'S LABORATORIES, LTD., DR. REDDY'S LABORATORIES, INC., AIZANT DRUG RESEARCH SOLUTIONS PRV. LTD., MSN LABORATORIES PRIVATE LTD., MSN PHARMACEUTICALS INC., ANNORA PHARMA PRIVATE LTD., HETERO USA INC., PRINSTON PHARMACEUTICAL INC., INVAGEN PHARMACEUTICALS, INC., CIPLA LIMITED and CIPLA USA, INC.,<br><br>    Defendants. | C.A. No. 18-1689 (CFC)<br>CONSOLIDATED |

**PLAINTIFFS' NOTICE OF DEPOSITION OF DEFENDANTS**
**MANKIND PHARMA LTD. AND LIFESTAR PHARMA LLC**

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure and the Local Court Rules for the United States District Court for the District of

Delaware, Plaintiffs Boehringer Ingelheim Pharmaceuticals Inc., Boehringer Ingelheim International GMBH, and Boehringer Ingelheim Corporation (collectively, "Plaintiffs" or "Boehringer"), by counsel, will take the deposition of Defendants Mankind Pharma Ltd. and Lifestar Pharma LLC (collectively, "Defendants" or "Mankind"), on March 5, 2020, commencing at 9:00 a.m. at the offices of Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022 or at a mutually agreed upon time and date, and continuing day-to-day until completed.

Mankind shall designate one or more of its officers, directors, managing agents or other persons with knowledge of the matters set forth in Attachment A of this Notice to appear and testify on its behalf at the deposition. The person so designated shall testify as to matters known or reasonably available to Mankind. Mankind is requested to provide Boehringer with written notice, at least seven (7) days in advance of the deposition of: (a) the name and employment position of each designee who has consented to testify on Mankind's behalf in response to this Notice; and (b) all matters set forth below as to which each such designee has agreed to testify on behalf of Mankind. If more than one person is required to testify on any individual topic set forth in Attachment A, different individuals shall be provided for each part of that topic.

The deposition will be taken by oral examination before an official authorized by law to administer oaths and will be recorded stenographically and may also be recorded by a videographer by audio-and-video means. Testimony derived pursuant to this Notice of Deposition shall be used for any and all appropriate purposes permitted by the Federal Rules of Civil Procedure.

<div style="display: flex;">
<div>

OF COUNSEL:

Leora Ben-Ami
Jeanna M. Wacker
Christopher T. Jagoe
Mira A. Mulvaney
Sam Kwon
Ashley Ross
Justin Bova
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4679
January 22, 2020

</div>
<div>

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Megan E. Dellinger*
_____
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com
mdellinger@mnat.com

*Attorneys for Plaintiffs*

</div>
</div>

3

## ATTACHMENT A

## DEFINITIONS

In addition to Boehringer's Definitions provided herein, the Definitions set forth in Boehringer's First Set of Interrogatories to All Defendants and Boehringer's First Set of Requests for Production to All Defendants are herein incorporated by reference and apply as if fully set forth herein.

1. The term "Patents-in-Suit" shall mean the '449, '937, '957, '998, and '637 patents, to the extent these patents are asserted against Defendants in this Action.

2. The term "ANDA Products" shall mean the products subject to Mankind's ANDA No. 212283.

3. Definitions or usages of words or phrases in this Notice are not intended to be, and shall not be, construed as admissions as to the meaning of words or phrases at issue in this Action, and shall have no binding effect on Boehringer in this or any other proceeding.

## TOPICS

1. Defendants' ANDA, including without limitation all facts and circumstances concerning the decision to pursue the ANDA and the drafting, preparation, and filing of the ANDA; the identity of all persons involved in the foregoing activities and their roles; all communications, whether internal to Defendant, with the FDA, or with another party, concerning the ANDA; and the identity by Bates numbers of a true, correct, and complete copy of the ANDA and any document(s) referenced therein.

2. The criteria or facts considered or used by Defendants, including financial, market, patent and clinical information, to determine whether to file the ANDA to seek FDA approval to market Defendants' ANDA Products.

3. Defendants' Paragraph IV certifications for the Patents-in-Suit, including without limitation all facts and circumstances concerning Defendants' decision to make the Paragraph IV certifications and the drafting, preparation, and filing of the Paragraph IV certifications; the identity of all persons involved in the foregoing activities and their roles; all documents and information considered in deciding to make the Paragraph IV certifications; and all communications, whether internal to Defendants, with the FDA, or with another party, concerning the Paragraph IV certifications.

4. All information concerning the preparation, review and filing of Defendants' Notice Letters, including any amendments or supplementations thereto.

5. The criteria or facts considered or used by Defendant, including financial, market, patent and clinical information, to determine whether to proceed with a Paragraph IV certification concerning the Patents-in-Suit.

6. The historical development by Defendants of their ANDA Products.

7. Defendants' corporate intelligence and industrial monitoring of JARDIANCE, GLYXAMBI, SYNJARDY, and SYNJARDY XR, including internal and external studies, reports and presentations pertaining to the product.

8. All information concerning the sales of JARDIANCE, GLYXAMBI, SYNJARDY, and SYNJARDY XR and any analyses of past sales or projections for future sales, whether such sales are made by Boehringer, Defendant, or another entity.

9. All information concerning any analysis, projection or calculation of profits that Defendants could make from its ANDA Products.

10. Defendants' knowledge of drugs approved by the FDA for the same indications as JARDIANCE, GLYXAMBI, SYNJARDY, and/or SYNJARDY XR, including those products

that Defendants consider to be competitors of JARDIANCE, GLYXAMBI, SYNJARDY, and/or SYNJARDY XR.

11. Defendants' knowledge of documents and information concerning whether and for what reason JARDIANCE, GLYXAMBI, SYNJARDY, and/or SYNJARDY XR are commercially successful.

12. All information concerning any pharmaceutical agent approved or used to treat type 2 diabetes mellitus that Defendants considered, analyzed or discussed as a candidate to seek marketing approval from the FDA or another regulatory agency.

13. All information concerning the clinical, biological, or pharmacological properties of empagliflozin and/or Defendants' review, evaluation or analysis of the same.

14. Competitors and competitive analyses for the ANDA Products.

15. The identity of all products that Defendants view as competing in the market with the ANDA Product.

16. All information concerning any advertising, marketing or promotional budgets, or projections, plans or calculations of potential expenditures for the same for the ANDA Products in the event final FDA approval is obtained.

17. All information concerning marketing plans for the ANDA Products.

18. Any customer training and/or support provided or to be provided to users and purchasers of the ANDA Products, including, but not limited to, training and/or support relating to the ANDA Products and/or their use.

19. Promotional literature, marketing, or advertising for the ANDA Products.

20. Any analyses, projections, or studies regarding the anticipated market for the ANDA Products.

21. The intended and/or target customers, purchasers, or end users of the ANDA Products.

22. How Defendants intend for customers or end-users to use the ANDA Products, including, but not limited to whether the ANDA Products are to be used as monotherapy or in combination therapy, whether the ANDA Products are to be used in patients with renal impairment or other co-morbidities, and the intended dosing for the intended uses.

23. How Defendants expect for customers or end-users to use the ANDA Products, including, but not limited to whether the ANDA Products are to be used as monotherapy or in combination therapy, whether the ANDA Products are to be used in patients with renal impairment or other co-morbidities, and intended dosing for the expected uses.

24. The ANDA Products' anticipated market, market share, demand, marketing, planning and strategy, market analyses, analyst reports, and competitive analyses.

25. The projected sales and marketing of the ANDA Products, including any business plans, marketing plans, sales or market projections, market analyses, market share projections, pricing plans, pricing analyses, sales plans, and plans for launch of the ANDA Products.

26. Projected revenues over the next ten years of the ANDA Products.

27. Actual or anticipated sales, marketing, and promotional information pertaining to the ANDA Products, documents concerning the same, and the identities of custodians of such Documents.

28. The drafting and/or developing of Defendants' product labels with respect to Defendants' ANDA.

29. Communications between Defendants and any entities concerning the ANDA Products, JARDIANCE, GLYXAMBI, SYNJARDY, and/or SYNJARDY XR; the nature and location of any documents concerning such Communications; and the identities of custodians of such Documents.

30. Defendants' organizational structure for carrying out the following activities with respect to the ANDA Products: (a) engineering, design, research and development, and regulatory approval; (b) manufacture, fabrication, assembly and packaging; (c) distribution; (d) marketing, sales and promotion; and (e) intellectual property.

31. Defendants' knowledge, awareness, analysis, discussion or evaluation of the Patents-in-Suit and/or the application(s) from which each of the Patents-in-Suit issued.

32. Defendants' research, development, and testing of the ANDA Products, including (a) the identity of all persons with substantial knowledge of or entities who contributed to the research and development of the ANDA Products; (b) the dates when such research and development occurred; and (c) the existence of any documentation of that research and development.

33. The manufacture of the ANDA Products, including (a) the process or processes by which the ANDA Products are produced; (b) the identities of all persons with substantial knowledge of or entities who contribute to the manufacture of the ANDA Products; (c) the quantities of ANDA Products manufactured; and (d) the existence of any documentation of the manufacture of the ANDA Products.

34. The names and responsibilities for all persons employed by Defendants and their predecessors in interest who were involved in evaluation, consideration, or discussion regarding the development of the ANDA Products.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 22, 2020, upon the following in the manner indicated:

| | |
|---|---|
| Adam V. Orlacchio, Esquire<br>BLANK ROME LLP<br>1201 North Market Street, Suite 800<br>Wilmington, DE  19801<br>*Attorneys for Defendants Mankind Pharma Ltd. and Lifestar Pharma LLC* | *VIA ELECTRONIC MAIL* |
| Jay P. Lessler, Esquire<br>BLANK ROME LLP<br>The Chrysler Building<br>405 Lexington Avenue<br>New York, NY  10174<br>*Attorneys for Defendants Mankind Pharma Ltd. and Lifestar Pharma LLC* | *VIA ELECTRONIC MAIL* |

*/s/ Megan E. Dellinger*
Megan E. Dellinger (#5739)