IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MANKIND PHARMA LTD., et al.,<br><br>    Defendants. | C.A. No. 18-1689-CFC-SRF<br>(Consolidated)<br><br>**REDACTED - PUBLIC VERSION** |

**LETTER TO THE HONORABLE SHERRY R. FALLON
FROM DEFENDANTS ZYDUS PHARMACEUTICALS (USA) INC.
AND CADILA HEALTHCARE LTD. REGARDING DISCOVERY DISPUTES**

OF COUNSEL:

Chad A. Landmon
Edward Mathias
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
(860) 275-8100
clandmon@axinn.com
tmathias@axinn.com

Brett M. Garrison
AXINN, VELTROP & HARKRIDER LLP
950 F Street NW
Washington, DC 20004
(202) 912-4700
bgarrison@axinn.com

Eric D. Dunbar
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street, Floor 22
New York, NY 10036
(212) 728-2200
edunbar@axinn.com

John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
PHILLIPS, MCLAUGHLIN
& HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pmhdelaw.com
dab@pmhdelaw.com

*Counsel for Defendants Zydus
Pharmaceuticals (USA) Inc. and Cadila
Healthcare Ltd.*

Dated: October 2, 2020

Dear Judge Fallon:

Defendants Zydus Pharmaceuticals (USA) Inc. and Cadila Healthcare Limited (collectively, "Zydus") submit this letter in response to plaintiffs Boehringer Ingelheim Pharmaceuticals Inc., Boehringer Ingelheim International GmbH, and Boehringer Ingelheim Corporation's (collectively, "Plaintiffs") October 1, 2020 letter regarding certain discovery disputes. (D.I. 340.) The disputes all concern Plaintiffs' allegation that Zydus's empagliflozin ANDA tablets infringe U.S. Patent No. 7,713,938, which claims a crystalline form of empagliflozin characterized by specific x-ray diffraction peaks. For the reasons stated below, the Court should deny Plaintiffs' requested relief.

I. **THE REQUESTED ▮▮▮ SAMPLE IS NOT RELEVANT TO INFRINGEMENT, AND ZYDUS HAD NO DUTY TO PRESERVE IT.**

Zydus's ANDAs specify that ▮▮▮ Zydus confirms to FDA that its ANDA tablets meet that specification by conducting x-ray diffraction testing on ▮▮▮

Zydus timely provided Plaintiffs with samples of (1) ▮▮▮ and (2) the finished tablets themselves. Plaintiffs would have the Court brush that aside based on their speculation that ▮▮▮ contains crystalline material. For the reasons stated below, ▮▮▮ is not representative of the ANDA tablets Zydus seeks to sell, and Zydus had no duty to preserve it. See Par Pharm., Inc. v. Hospira, Inc., 2019 WL 2354670, at *1, 3 (D. Del. June 4, 2019) (affirming report and recommendation denying request for sanctions for spoliation because requested batch samples were manufactured to respond to an FDA inquiry requiring testing, were no longer available, and were not representative of the product the ANDA applicant sought approval to sell).

As the graphic below indicates, Zydus makes empagliflozin by ▮▮▮



The ▮▮▮ is in no way representative of the empagliflozin in Zydus's ANDA tablets because ▮▮▮ As Zydus told FDA, ▮▮▮



In other words, ▮▮▮

The Honorable Sherry R. Fallon  
October 2, 2020

Page 2 of 4

▓▓▓ the way to test ▓▓▓ effect is by ▓▓▓ which Zydus has provided to Plaintiffs, and not on ▓▓▓

In view of these facts, Plaintiffs' spoliation claim has no merit. Zydus preserved documents reflecting its internal x-ray diffraction testing, and it preserved samples of the material representative of the API contained in its ANDA tablets ▓▓▓. Nothing more was required. *Par Pharm.*, 2019 WL 2354670 at *3. Three years ago (and 10 months before Zydus filed its ANDA with the Paragraph IV certification) when Zydus made the empagliflozin API for its ANDA, it could not have anticipated Plaintiffs' baseless contention that the very test FDA accepted to test for crystalline structure is somehow inadequate for Plaintiffs' purposes. (*See* Ex. 1 at 168:4-12; 170:2-171:4.) Nor could Zydus have foreseen that Plaintiffs would assert that the key substance to test was one that was ▓▓▓ *See Par Pharm.*, 2019 WL 2354670 at *2 (spoliation requires finding that "the duty to preserve the evidence was reasonably foreseeable to the party"); *Medeva Pharma Suisse A.G., v. Roxane Labs., Inc.*, 2011 WL 310697, at *15 (D.N.J. Jan. 28, 2011) (holding sanctions for alleged spoliation not warranted even where party discarded documents pursuant to normal document retention policies after it had a duty to preserve evidence because it "diligently" preserved relevant information).

The primary case on which Plaintiffs base their request for a spoliation sanction actually confirms that the facts here do not warrant the drastic relief Plaintiffs seek. In *Orexo AB v. Actavis Elizabeth LLC*, 217 F. Supp. 3d 756, 781 (D. Del. 2016), the defendant failed to produce an intermediate, said during discovery that the intermediate was irrelevant and that what mattered were the finished ANDA products, and then at trial argued that testing of the intermediate would be most probative of infringement. Here, there is no such about-face. Zydus has produced ▓▓▓ *Orexo AB* thus does not come close to supporting Plaintiffs' argument.

Plaintiffs evidently are dissatisfied with whatever testing they have done on the samples and the x-ray diffraction test data that Zydus provided. But that is not a valid basis on which to grant Plaintiffs any relief, let alone the drastic preclusion order they seek.

The Honorable Sherry R. Fallon  
October 2, 2020

Page 3 of 4

## II. ZYDUS'S RULE 30(B)(6) WITNESS WAS ADEQUATELY PREPARED TO TESTIFY REGARDING ZYDUS'S MANUFACTURING PROCESS

Plaintiffs' complaints directed to Dr. Desai's testimony are equally baseless. Plaintiffs acknowledge that Dr. Desai was designated to testify on "solid state testing, including XRPD testing, ▇▇▇ and the development of the API." (D.I. 340 at 3.) Neither of these topics gave Zydus – or Dr. Desai, as its Rule 30(b)(6) designee – any notice that ▇▇▇ would be significant to Dr. Desai's testimony. The "solid state testing . . . ▇▇▇ While the "development of the API" topic generally implicates ▇▇▇ Dr. Desai testified knowledgeably and at length about ▇▇▇ If out of the thousands of details associated with the "development of [Zydus's] API" Plaintiffs considered ▇▇▇ it was incumbent upon them to specifically identify that as a topic in their deposition notice or to otherwise notify Zydus prior to the deposition.

The law is clear that a Rule 30(b)(6) designee need not have perfect knowledge; "[s]imply because [a] witness could not answer every question posed to him does not equate to the fact that [a party] did not satisfy its obligation to prepare its 30(b)(6) witness." *Costa v. Cty. of Burlington*, 254 F.R.D. 187, 190 (D.N.J. 2008). Dr. Desai certainly satisfied this standard. That he had not personally observed ▇▇▇ is immaterial; Dr. Desai testified as to ▇▇▇ as described to him by other Zydus employees – testimony that is explicitly permitted by, and even expected of, a Rule 30(b)(6) witness. *See Opengate Capital Grp. LLC*, 2015 WL 5222544, at *2 (D. Del. Sept. 8, 2015) ("The applicable standard requires that the entity whose knowledge is at issue must ensure that the witness' preparation includes matters beyond the designee's personal knowledge."); *LG Display Co., Ltd. v. AU Optronics Corp.*, 265 F.R.D. 199, 203 (D. Del. 2010) ("[The witness] complied with his Rule 30(b)(6) obligations by speaking to those in charge of [the data-at-issue]."). (*See, e.g.*, Ex. 1 at 86:17-87:15.) Accordingly, Plaintiffs' only specific attack on Dr. Desai's testimony, ▇▇▇ is meritless.

Plaintiffs' more generalized complaints about Dr. Desai's testimony are similarly without merit. Although Plaintiffs argue that Dr. Desai "refused" to or could not provide answers, the transcript of Dr. Desai's deposition contradicts that assertion.[2] Plaintiffs are apparently just unhappy that Dr. Desai's answers do not support their theory of infringement.

Dr. Desai has been the Vice President of API Research and Development at Zydus for over six years and was in charge of the group that developed and analyzed Zydus's empagliflozin API.

---



The Honorable Sherry R. Fallon  
October 2, 2020

(*See* Ex. 1 at 14:6-12; 17:5-18:11; 19:2-5; 23:21-24:3.) He reviewed and approved the product development report for the empagliflozin API. (*See id.* at 75:23-76:3.) He also reviewed materials in advance of the deposition (*see, e.g., id.* at 68:8-15; 72:17-25; 166:8-14), and delivered almost seven hours of detailed testimony. Plaintiffs have not come close to establishing that Dr. Desai was inadequately prepared or that they are entitled to depose another designee.

Finally, Plaintiffs' request for another deponent to testify about recently-produced Zydus testing documents is just another distraction from the fact that there is no evidence of the claimed polymorph in any tests that have been performed. In almost eleven hours of testimony from two Rule 30(b)(6) witnesses, Plaintiffs spent no more than a few minutes asking only a handful of questions about the XRPD testing that had been submitted by Zydus to FDA, despite the fact that Zydus had produced voluminous records of XRPD testing and reports. (*See* Ex. 4 at 72:1-75:25.) Having spent almost no time addressing XRPD testing documents during the two prior depositions, Plaintiffs should not now be allowed another bite at the apple, particularly given that they have not even asserted that any recently-produced testing documents differ in any significant way from the voluminous testing records that were previously produced.

### III. ZYDUS'S PRODUCTION OF ▮▮▮▮ EMAILS PROVIDES NO BASIS FOR FURTHER DISCOVERY.

Little needs to be said about the parties' third dispute. Zydus's other Rule 30(b)(6) designee, Kesavan Govindarajan, testified that certain testing Zydus receives from a third party vendor, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ In an effort to be responsive to Plaintiffs' concerns raised at the parties' meet and confer about these emails, Zydus searched for and agreed to produce them (some of which were produced on September 22 and some just-located that are currently being processed for production).

The emails, none of which Plaintiffs actually provided to the Court, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ As such, the emails provide no legitimate basis for Plaintiffs to seek additional discovery.

### IV. CONCLUSION

For the reasons stated above, Zydus respectfully requests that this Court deny Plaintiffs' requested relief.

Respectfully,

/s/ *John C. Phillips, Jr.*

John C. Phillips, Jr. (#110)  
*Counsel for Defendants Zydus Pharmaceuticals (USA) Inc. and Cadila Healthcare Ltd.*

cc: Clerk of the Court (via ECF)  
Counsel of Record (via ECF and email)

# EXHIBITS 1-5

# REDACTED IN

# THEIR ENTIRETY