IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC. et al, <br><br> Plaintiffs, <br><br> v. <br><br> MANKIND PHARMA LTD. et al, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 18-1689-CFC-SRF |

ORDER GOVERNING VIDEO MEDIATION
CONFERENCES AND MEDIATION STATEMENTS

**THIS ORDER CONTAINS IMPORTANT INFORMATION WHICH SHOULD BE READ BY COUNSEL PRIOR TO PREPARATION OF A MEDIATION STATEMENT.**

At Wilmington this **17th** day of **August 2021.**

IT IS ORDERED that:

**MEDIATION CONFERENCE**

1. A video mediation conference is scheduled for **Tuesday, August 31, 2021** beginning at **10:00 a.m.** between the plaintiffs and defendants Lupin Ltd. and Lupin Pharmaceuticals Inc.. Logistics of video mediation shall be as follows: unless counsel otherwise agree, Plaintiff shall arrange for a video link for a joint discussion line for the Judge and all counsel, to use throughout the mediation process on the date and at the time when mediation is scheduled to begin. This link shall be available throughout mediation should the Judge wish to hold discussions with all counsel and parties. Plaintiff(s)' counsel shall arrange for a separate video conference link for private

discussion with the Judge throughout the mediation process. Defense counsel shall arrange for a separate video conference link for private discussions with the Judge throughout the mediation process. These conference links shall remain open for use by counsel and the Judge until the mediation session is concluded. Counsel for the plaintiff shall advise by email to Rebecca Polito at rebecca_polito@ded.uscourts.gov all video conference information (for the joint line, plaintiff only line and defense only line) no later than **10:00 a.m.** on **August 27, 2021.**

### REQUIRED PARTICIPANTS

2.  Each party must be represented at the mediation conference by the following required participants: (a) trial counsel; (b) counsel who is/are familiar with the case; and (c) the party/parties and/or decision maker(s) of the parties, who must have full authority to act on behalf of the parties, including the authority to negotiate a resolution of the matter and to respond to developments during the mediation process. **Full authority** means that those participants on behalf of a party should be able to make independent decisions and have a knowledge or understanding of the dispute and/or the business objectives/operations of their company to generate and consider solutions and/or to be able to address the negotiation dynamics in mediation. It is *not just* settlement authority, that is, to make an offer or to accept an amount.

### CONTACT INFORMATION FOR REQUIRED PARTICIPANTS

3.  (a)  **No later than the date on which mediation statements are due** (see ¶ 4 below), counsel shall provide to the court in a writing **separate from** the mediation statement, for each attorney who will be attending the mediation conference: (i) a direct dial telephone work number, (ii) a cell or home telephone number, and (iii) an electronic mail address where the attorney

can be regularly reached.  Unrepresented parties shall provide at least one of these three forms of contact information.

(b) **No later than the date on which the mediation statements are due** (see ¶ 4 below), counsel shall submit a list of all participants, including attorney and non-attorney representatives, who will be attending the mediation on behalf of their party, to the opposing party or parties.

**CONFIDENTIALITY**

4. **The contents of the mediation statements and the mediation conference discussions, including any resolution or settlement, shall remain confidential, shall not be used in the present litigation nor any other litigation (whether presently pending or filed in the future), and shall not be construed as nor constitute an admission.  Breach of this provision shall subject the violator to sanctions.**

**EX PARTE CONTACTS**

5. Before, during, and after the scheduled mediation conference, the Court may find it necessary and useful to communicate with one or more parties outside the presence of the other party or parties.

**OBLIGATION OF GOOD FAITH PARTICIPATION**

6. The required participants shall be available and accessible throughout the mediation process.  The Court expects the parties' full and good faith cooperation with the mediation process.  In particular, the Court expects both the lawyers and the party representatives to be fully prepared to participate.  The Court encourages all participants to keep an open mind in order to reassess their

previous positions and to find creative means for resolving the dispute.

**AVOIDANCE OF SANCTIONS**

       7.    **All counsel are reminded of their obligations to read and comply with this Order.**  Delaware counsel are reminded of their obligations to inform out-of-state counsel of this Order.  To avoid the imposition of sanctions, counsel shall advise the Court immediately of any problems regarding compliance with this Order.

                                                     /s/ Sherry R. Fallon
                                                     UNITED STATES MAGISTRATE JUDGE