# PHILLIPS, McLAUGHLIN & HALL, P.A.

ATTORNEYS AT LAW

JOHN C. PHILLIPS, JR.
LISA C. McLAUGHLIN+
JAMES P. HALL
DAVID A. BILSON***
MEGAN C. HANEY
TODD L. GOODMAN
PAUL S. SEWARD***

PENNSYLVANIA AVE. AND BROOM ST.
1200 N. BROOM STREET
WILMINGTON, DELAWARE 19806

(302) 655-4200
(302) 655-4210 (F)
pmhdelaw.com

ALSO MEMBER OF
*PENNSYLVANIA BAR
**NEW JERSEY BAR
+MARYLAND BAR

June 14, 2022

**VIA HAND DELIVERY & CM/ECF**
The Honorable Colm F. Connolly
United States District Court
for the District of Delaware
844 North King Street
Wilmington, DE 19801

    Re:   *Boehringer Ingelheim Pharmaceuticals Inc., et al. v. Mankind Pharma Ltd., et al.*, C.A. No. 18-1689-CFC-SRF (Cons.)
*Boehringer Ingelheim Pharmaceuticals Inc. et al. v. Sun Pharm. Industries Limited, et* al., C.A. No. 20-1153-CFC (Cons.)
*Boehringer Ingelheim Pharmaceuticals Inc. et al. v. Aurobindo Pharma Ltd., et al.*, C.A. No. 21-1485-CFC (Cons.)

Dear Chief Judge Connolly:

**Defendants' Statement**

The parties have reached an impasse in the above-titled matters. In an effort to bring closure to the issue of whether Boehringer failed to timely disclose to Defendants or the Court that Boehringer planned to amend its empagliflozin product labels to correspond to new patent claims it was prosecuting, the Court granted leave to Defendants at the April 13, 2022 joint scheduling conference to file a motion for sanctions against Boehringer. At the hearing, the Court told the parties that this motion is Defendants' "opportunity, essentially, to seek the form of relief you think you are entitled to based on what you have characterized as their bad faith conduct in the course of this litigation." (4/13/2022 Hearing Tr. at 78:25–79:3.)

In order to take full advantage of the opportunity offered by the Court and to ensure that a full and complete record exists so the Court can finally put this issue to rest, Defendants requested that Boehringer provide narrowly tailored discovery

The Honorable Colm F. Connolly　　　　　　　　　　　　　　　　　　　Page 2 of 4
June 14, 2022

relevant to the motion — i.e., a privilege log and a Rule 30(b)(6) deposition related to Boehringer's efforts to prosecute the new patent and to expand its label. To recap, the Court had previously ordered Boehringer to produce its correspondence with the FDA regarding the label change so Defendants could determine whether the FDA—as Boehringer represented—or Boehringer itself had requested changes to its empagliflozin product labels that led to the cases being stayed shortly before trial. The FDA correspondence confirmed Defendants' suspicion that Boehringer, not the FDA, had requested the relevant label changes. Although the Court explained during the April 13th conference that Boehringer "needed to be prepared to do a privilege log," the Court reserved ruling on Defendants' request for such a log (first made, along with a request for a deposition, during the July 8, 2021 hearing). (4/13/2022 Tr. 50–51; 7/72021 Tr. 19:21–25, 24:6–17.) Contrary to Boehringer's assertions below, Defendants never said they had all the discovery they were asking for. Instead, they merely said they were not challenging the sufficiency of Boehringer's production of FDA correspondence following the Court's order that Boehringer produce it.

Because the FDA correspondence revealed that it was Boehringer, ***not the FDA***, that initiated the relevant label changes, Defendants expect that the limited discovery they seek will provide information that is needed for Defendants to fully address all of the issues presented by Boehringer's efforts to expand the uses in its label and prosecute the new patent.[1] However, Boehringer has refused to provide the requested discovery.

**Boehringer's Statement**

On a June 2, 2022 call to Chambers, the parties were told to submit in writing their positions on whether the Court should hold a discovery dispute conference. Defendants seek discovery in cases in which the Court, on April 13, 2022, stayed all activity other than giving Defendants permission to file a motion seeking to preclude Boehringer from asserting the '323 patent. *See* April 13, 2022, Tr. 55:4-56:2. The Court directed the parties to agree to a briefing schedule for that motion. *Id.* 82:8-10. Rather than filing that motion or discussing a briefing schedule, Defendants

---

[1] Defendants are not delaying. Defendants requested that Boehringer provide this discovery in early May following the April 13 hearing and will file the motion after this issue is resolved and the narrow discovery Defendants request is completed.

have now reversed course and seek more discovery. The Court should deny Defendants' request for a discovery conference.

Defendants began accusing Boehringer of engaging in a scheme to amend its label indications to disrupt this case nearly a year ago, at the July 8, 2021 hearing. July 8, 2021, Tr. 10:17-12:13; 16:18-17:25. After that hearing, Boehringer made three separate document productions, totaling tens of thousands of pages. August 10, 2021 BI Production Letter (BI_EMPA_05072027-72445); September 3, 2021 BI Production Letter (BI_EMPA_05072446-88960); September 15, 2021 BI Production Letter (BI_EMPA_05088961-96547). Boehringer confirmed in multiple meet and confers that Defendants were not seeking additional discovery beyond what Boehringer had produced. *See, e.g.*, October 10, 2021, Email from A. Ross to J. Pesick; October 26, 2021, Email from A. Ross to J. Pesick; *see also* June 2, 2022, Email from A. Ross to J. Pesick. Indeed, at no point after Boehringer completed this production, did Defendants seek additional discovery. Instead, in the October 29, 2021 Joint Status Report, Defendants asked the Court to sanction Boehringer for allegedly orchestrating a three-year conspiracy scheme, involving "this Court, the Patent Office and the FDA" to "derail the case schedule." D.I. 446 at 11. Arguing that Boehringer's documents "confirm Defendants' suspicions" (*id.* at 12), Defendants told the Court that they were providing "[a] *complete recitation of the factual* and legal *bases supporting Defendants' request*" and that they would file "a formal motion seeking the requested relief if the Court prefers." *Id.* at 14 (emphasis added) & 14 n.6. Defendants did not suggest in that report that they had not received all the discovery they had asked for or believed that further investigation was needed.

For the more than five months until, and during, the April 13, 2022 Status Conference, Defendants also did not request any further discovery,[2] or object when

---

[2] Defendants' statement that "[a]lthough the Court explained during the April 13 conference that Boehringer 'needed to be prepared to do a privilege log,' the Court reserved ruling on Defendants' request for such a log" suggests that they requested discovery during the April 13 conference. They did not. In fact, during that conference, the Court was discussing what had transpired at the July 2021 conference, including quoting the part of the July 2021 transcript that referenced a privilege log. April 13, 2022, Tr. 49:23-50:16. There was no request or ruling relating to a privilege log at the April conference. The only ruling on April 13 was

The Honorable Colm F. Connolly  Page 4 of 4
June 14, 2022

the Court stayed these cases "for all other purposes" except for them to file a motion. April 13, 2022, Tr. 81:1-8.  Quite the contrary: Defendants asserted it was "readily clear" from the documents Boehringer had produced that Boehringer had acted in bad faith "for the sole purpose of delaying the trial," and reiterated—at great length—their request for sanctions.  *See, e.g.*, April 13, 2022, Tr. 35:4-12.

That Defendants have not filed their motion two months after the April conference is inexplicable.  That they only now seek discovery to try to support serious allegations they have been repeating vociferously for more than seven months is dumbfounding.  Defendants' delay alone warrants denial of their new request, particularly because they offer no reason why they could not have sought this discovery before, nor point to some unexpected change in circumstances.  As Boehringer explained on April 13, Defendants' allegations are meritless.  The Court should hold Defendants to its Order at the April 13 status conference, which granted Defendants the relief they requested.  If Defendants are actually going to file a motion, it is time for them to file it.  The Court should deny Defendants' request for a discovery conference.

    Respectfully,

    */s/ John C. Phillips, Jr.*

    John C. Phillips, Jr. (#110)

cc:    All counsel of record

---

that the Defendants could file their motion and for the parties to agree on a briefing schedule.