IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC., BOEHRINGER INGELHEIM INTERNATIONAL GMBH and BOEHRINGER INGELHEIM CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>LUPIN LTD., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 18-1689 (CFC) (SRF)<br>)  CONSOLIDATED<br>)<br>)<br>)<br>)<br>) |

## CONSENT JUDGMENT

WHEREAS Plaintiffs Boehringer Ingelheim International GmbH, Boehringer Ingelheim Corporation and Boehringer Ingelheim Pharmaceuticals, Inc. (collectively, "Boehringer") and Defendants Laurus Labs Ltd. and Laurus Generics, Inc. (collectively, "Laurus") have agreed to terms and conditions representing a negotiated resolution of Civil Action Nos. 18-1758-CFC (D. Del.) and 19-1596-CFC (D. Del.), which have been consolidated with the above-captioned matter, Civil Action No. 18-1689-CFC (D. Del.); and

WHEREAS the following definitions shall apply to this Consent Judgment:

(i)     "the '998 Patent" means U.S. Patent No. 9,949,998;

(ii)    "the '637 Patent" means U.S. Patent No. 10,258,637;

(iii)   "Laurus ANDA Product" means the product described in Abbreviated New Drug Application No. 212421, including 10 mg and 25 mg empagliflozin tablets as generic versions of Jardiance, as existing on the Effective Date, and as amended or supplemented from time to time in the ordinary course of business; and

(iv) "Affiliate" means any entity controlling, controlled by, or under common control with a Party, but only as long as such control continues, where "control" means: (a) the ownership of more than fifty percent (50%) of the equity or beneficial interest of such entity, or the right to vote for or appoint a majority of the board of directors or other governing body of such entity; or (b) the power to directly or indirectly direct or cause the direction of the management and policies of such entity by any means whatsoever;

The parties, by their respective undersigned attorneys, hereby stipulate and consent to entry of judgment in this action as follows:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Court has jurisdiction over the subject matter of this action and has personal jurisdiction over the parties.

2. The '998 and '637 patents are valid and enforceable solely with respect to the manufacture, use, sale, offer for sale, and importation of the Laurus's ANDA Product in the United States.

3. Laurus's manufacture, sale, offer for sale, use or import of Laurus's ANDA Product in the United States would constitute infringement of one or more claims of each of the '998 and '637 patents absent authorization by Plaintiffs.

4. Unless specifically authorized or otherwise modified between the parties, Laurus, including any of its successors and assigns, is enjoined from making, having made, using, selling, offering to sell, importing or distributing the Laurus ANDA Product in the United States, on its own or through any Affiliate, officer, agent, servant, employee or attorney, or through any person in concert or coordination with Laurus or its Affiliates, through and until the expiration of the '998 Patent and the '637 Patent, including any patent term extension, patent term adjustment, or

pediatric exclusivity. If Boehringer becomes entitled to any other regulatory exclusivities that are not referenced herein, Boehringer may apply to the Court for modification of the consent judgment to incorporate such specified exclusivity.

5. Neither this Judgment and Order nor the entry of this Consent Judgment may be asserted by Plaintiffs against Laurus or any of its affiliates, and shall have no preclusive effect whatsoever, in any cause of action, litigation, or proceeding with respect to any product other than the Laurus ANDA Product in the United States or with respect to any patent other than the '998 and '637 patents.

6. This Court retains jurisdiction to enforce performance under this Consent Judgment and any related agreement(s). The Parties agree that, in the event of violation of the terms of this Consent Judgment or any related agreement(s), this Court has personal jurisdiction over the parties and venue for an action to enforce performance under this Consent Judgment, including for a preliminary injunction against the breaching conduct and the Parties hereby waive any and all defenses based on lack of personal jurisdiction or venue.

7. Plaintiffs and Laurus shall bear their own fees and costs in connection with these actions, including attorneys' fees.

8. The Complaints in Civil Action Nos. 18-1758-CFC (D. Del.) and 19-1596-CFC (D. Del.) and all remaining claims, counterclaims, or affirmative defenses in these actions, which have been consolidated with the above-captioned matter, Civil Action No. 18-1689-CFC (D. Del.), are dismissed with prejudice and without costs, disbursements, or attorneys' fees to any party.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| /s/ *Megan E. Dellinger* | /s/ *Alexis N. Stombaugh* |
| Jack B. Blumenfeld (#1014)<br>Brian P. Egan (#6227)<br>Megan E. Dellinger (#5739)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>began@morrisnichols.com<br>mdellinger@morrisnichols.com<br><br>*Attorneys for Plaintiffs Boehringer Ingelheim Pharmaceuticals Inc., Boehringer Ingelheim International GMBH, and Boehringer Ingelheim Corporation* | Adam W. Poff (#3990)<br>Alexis N. Stombaugh (#6702)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>apoff@ycst.com<br>astombaugh@ycst.com<br><br>*Attorney for Defendants Laurus Labs Ltd. and Laurus Generics Inc.* |

May 17, 2023

SO ORDERED this 18th day of May 2023.

_____
THE HONORABLE COLM F. CONNOLLY
CHIEF, UNITED STATES DISTRICT JUDGE

4