IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> LUPIN LTD., et al., <br><br> Defendants. | C.A. No. 18-1689 (CFC) (SRF) <br> CONSOLIDATED |
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> INVAGEN PHARMACEUTICALS, INC., <br><br> Defendant. | C.A. No. 18-1788 (CFC) (SRF) <br> C.A. No. 19-1496 (CFC) |
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> CIPLA LIMITED, et al., <br><br> Defendants. | C.A. No. 18-1789 (CFC) (SRF) <br> C.A. No. 19-1494 (CFC) |

### **CONSENT JUDGMENT**

WHEREAS Plaintiffs Boehringer Ingelheim International GmbH, Boehringer Ingelheim Corporation and Boehringer Ingelheim Pharmaceuticals, Inc.

(collectively, "Boehringer") and Cipla Limited, Cipla USA, Inc. (together, "Cipla"), and InvaGen Pharmaceuticals, Inc., ("InvaGen") (collectively, the "Parties") have agreed to terms and conditions representing a negotiated resolution of Civil Action Nos. 18-1788-CFC (D. Del.), 18-1789-CFC (D. Del.), 19-1494-CFC (D. Del.), and 19-1496-CFC (D. Del.), which have been consolidated with the above-captioned matter, Civil Action No. 18-1689-CFC (D. Del.); and

WHEREAS the following definitions shall apply to this Consent Judgment:

(i) "the '998 Patent" means U.S. Patent No. 9,949,998;

(ii) "the '637 Patent" means U.S. Patent No. 10,258,637;

(iii) "Cipla ANDA Products" means the product described in Abbreviated New Drug Application Nos. 212243 and 212330, including 10 mg and 25 mg empagliflozin tablets as generic versions of Jardiance, and 5 mg/1000 mg, 10 mg/1000 mg, 12.5 mg/1000 mg, and 25 mg/1000 mg empagliflozin/metformin hydrochloride extended-release tablets as generic versions of Synjardy XR, as existing on the date of this Consent Judgment, and as amended or supplemented from time to time in the ordinary course of business; and

(iv) "Affiliate" means any entity controlling, controlled by, or under common control with a Party, but only as long as such control continues, where "control" means: (a) the ownership of more than fifty percent (50%) of the equity or beneficial interest of such entity, or the right to vote for or appoint a majority of the

2

board of directors or other governing body of such entity; or (b) the power to directly or indirectly direct or cause the direction of the management and policies of such entity by any means whatsoever.

The Parties, by their respective undersigned attorneys, hereby stipulate and consent to entry of judgment in this action as follows:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Court has jurisdiction over the subject matter of this action and has personal jurisdiction over the parties.

2. The '998 and '637 patents are valid and enforceable solely with respect to manufacture, use, sale, offer for sale, and importation of the Cipla ANDA Products in the United States.

3. Unless specifically authorized or otherwise modified between the parties, Cipla and InvaGen, including any of their successors and assigns, are enjoined from making, having made, using, selling, offering to sell, importing or distributing the Cipla ANDA Products in the United States, on their own or through any Affiliate, officer, agent, servant, employee or attorney, or through any person in concert or coordination with Cipla, InvaGen, or their Affiliates, through and until the expiration of the '998 Patent and the '637 Patent, including any patent term extension, patent term adjustment, or pediatric exclusivity. If Boehringer becomes entitled to any other regulatory exclusivities that are not referenced herein,

Boehringer may apply to the Court for modification of the consent judgment to incorporate such specified exclusivity.

4. This Court retains jurisdiction to enforce performance under this Consent Judgment and any related agreement(s). The Parties agree that, in the event of violation of the terms of this Consent Judgment or any related agreement(s), this Court has personal jurisdiction over the parties and venue for an action to enforce performance under this Consent Judgment, including for a preliminary injunction against the breaching conduct and the Parties hereby waive any and all defenses based on lack of personal jurisdiction or venue.

5. The Parties shall bear their own fees and costs in connection with these actions, including attorneys' fees.

6. The Complaints in Civil Action Nos. 18-1788-CFC (D. Del.), 18-1789-CFC (D. Del.), 19-1494-CFC (D. Del.), and 19-1496-CFC (D. Del.) and all remaining claims, counterclaims, or affirmative defenses in these actions, which have been consolidated with the above-captioned matter, Civil Action No. 18-1689-CFC (D. Del.), are dismissed without prejudice.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | PHILLIPS, MCLAUGHLIN & HALL |
| */s/ Megan E. Dellinger* | */s/ David A. Bilson* |
| Jack B. Blumenfeld (#1014)<br>Brian P. Egan (#6227)<br>Megan E. Dellinger (#5739)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>began@mnat.com<br>mdellinger@mnat.com<br><br>*Attorneys for Plaintiffs* | John C. Phillips, Jr. (#110)<br>David A. Bilson (#4986)<br>1200 North Broom Street<br>Wilmington, DE 19806<br>(302) 655-4200<br>jcp@pmhdelaw.com<br>dab@pmhdelaw.com<br><br>*Attorneys for Defendants Cipla Limited, Cipla USA, Inc. and InvaGen Pharmaceuticals, Inc.* |

September 6, 2023

**SO ORDERED** this _____ day of _____ 2023.

_____
The Honorable Colm F. Connolly
Chief, United States District Court Judge

5